CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 28 2016

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Action No. 5:04-cr-30017-1 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| ROSALI PINEDA FUENTES, | ) | By: Hon. Michael F. Urbanski |
| Petitioner. | ) | United States District Judge |

Rosali Pineda Fuentes, a federal inmate proceeding pro se, filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. This matter is before the court for preliminary review, pursuant to Rule 4 of the Rules Governing § 2255 Proceedings. After reviewing the record, the court dismisses the motion as untimely filed.

I.

The court entered Petitioner's criminal judgment on October 29, 2004, sentencing her to, inter alia, 180 months' incarceration for conspiring to distribute more than 500 grams of methamphetamine, in violation of 21 U.S.C. § 846 and § 841(a)(1) and (b)(1)(A), and possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). The Fourth Circuit Court of Appeals granted her motion to dismiss the appeal on May 23, 2005.

More than ten years later in December 2015, Petitioner filed the instant § 2255 motion. The court conditionally filed the motion, advised Petitioner that the motion appeared untimely, and gave her the opportunity to explain why the court should consider the motion timely filed. Petitioner explains that she did not understand English during the criminal proceedings and presently has a limited understanding of English. Petitioner asserts, "My inability to comprehend the language and my Attorney's failure to ensure that I understand every step of the appeal process hinders me from filing a timely motion. I believe that my inability to

comprehend the [E]nglish language and [m]y attorn[e]y's ineffective assistance which is a Constitutional error are excus[es]" to consider her claims.

## II.

Courts and the public can presume that a defendant stands fairly and finally convicted after conviction and exhaustion, or waiver, of any right to appeal. <u>United States v. Frady</u>, 456 U.S. 152, 164 (1982). Nonetheless, federal convicts in custody may attack the validity of their federal sentences by filing a motion, pursuant to 28 U.S.C. § 2255, within the one-year statute of limitations. A one year statute of limitations period governs § 2255 actions. This period begins to run from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

Petitioner's criminal judgment became final in May 2005 when the Court of Appeals dismissed the appeal. <u>See</u> <u>Clay v. United States</u>, 537 U.S. 522, 524 (2003) (stating a conviction becomes final once the availability of direct review is exhausted). Accordingly, for purposes of § 2255(f)(1), Petitioner had until May 2006 to timely file her § 2255 motion. However, she did not file the instant motion until December 2015, more than a decade after her conviction became final. <u>See</u> Rule 3, R. Gov. § 2255 Proceedings (discussing prison-mailbox rule for § 2255 motions).

2

Petitioner briefly suggests that an intervening change in law involving 18 U.S.C. § 924(c) makes her § 2255 motion timely filed. However, Bailey v. United States, 516 U.S. 137, 138 (1995), is the only Supreme Court case she cites in the motion, and Bailey cannot satisfy § 2255(f)(3) because it was issued years before her conviction.

Section 2255(f)(4) allows the limitations period to start on the date facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. Similarly, equitable tolling is available when a petitioner had "been pursuing h[er] rights diligently, and . . . some extraordinary circumstance stood in h[er] way" to prevent timely filing. Holland v. Florida, ___ U.S. ___, 130 S. Ct. 2549, 2560 (2010). Equitable tolling is permitted only in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (internal quotation marks omitted) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)).

Petitioner argues that her motion should be considered timely filed because she has not understood English until recently. Although courts have recognized that a language obstacle can be a relevant factor in certain instances when assessing timeliness, due diligence is still required. See Mendoza v. Carey, 449 F.3d 1065, 1069 (9th Cir. 2006) (noting courts have rejected a per se rule that a petitioner's language limitations justify equitable tolling). The diligence requirement places "a substantial obligation" on the prisoner "to make all reasonable efforts to obtain assistance to mitigate his language deficiency." Diaz v. Kelly, 515 F.3d 149, 154 (2d Cir. 2008). With "no allegation of any efforts to contact anyone outside the prison who might assist in making them aware, in their language, of legal requirements for filing a habeas corpus petition, nor what efforts were made to learn of such requirements within their places of confinement,"

3

prisoners cannot establish due diligence. Id.; see Yang v. Archuleta, 525 F.3d 925, 930 (10th Cir. 2008) (rejecting equitable tolling for prisoner who lacked legal materials in his native language because he did not set forth what actions he pursued "to secure assistance with his language barrier inside or outside prison boundaries"); Berroa Santana v. United States, 939 F. Supp. 2d 109, 115 (D.P.R. 2013) (concluding that the petition was time-barred because there was no showing of due diligence and noting that while the court was not ignoring the petitioner's inability to read or write English, it "taxes credulity to believe that there were no bilingual inmates, nor correctional personnel nor inmate law clerks, or jailhouse lawyers" that could have assisted the petitioner); Torres-Santiago v. United States, 865 F. Supp. 2d 168, 177 (D.P.R. 2012) (refusing to grant equitable tolling to a Spanish-speaking petitioner because he "should have been more diligent at requesting assistance—whether to a fellow inmate, his former counsels, a prison guard, or the Clerk of the Court").

On this record, the court finds that even accounting for Petitioner's circumstances, she falls short of showing "reasonable diligence" here with a motion filed more than a decade late. Due diligence is "an inexact measure of how much delay is too much," but § 2255 embodies a "clear policy [that] calls for promptness." Johnson v. United States, 544 U.S. 295, 309 n.7, 311 (2005). Furthermore, the court does not find an extraordinary circumstance in the record that prevented prevent Petitioner from filing a timely § 2255 motion. See, e.g., Ruiz v. United States, 221 F. Supp. 2d 66, 77 (D. Mass. 2002) (concluding that petitioner did not exercise due diligence even though petitioner "was acting pro se and without knowledge of the law," "working in English rather than Spanish, his native tongue" and "[had] searched industriously for evidence in many other places before making the FOIA request"), aff'd, 339 F.3d 39 (1st Cir. 2003); see also United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (pro se status and ignorance of the law

4

does not justify equitable tolling); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) (noting that unfamiliarity with the law due to illiteracy or pro se status does not toll limitations period). Accordingly, Petitioner filed her § 2255 motion beyond the one-year limitations period, Petitioner is not entitled to equitable tolling, and the § 2255 motion must be dismissed.

### III.

For the foregoing reasons, Petitioner's § 2255 motion is dismissed as untimely filed, pursuant to Rule 4 of the Rules Governing § 2255 Proceedings. Based upon the court's finding that Petitioner has not made the requisite showing required by 28 U.S.C. § 2253(c), a certificate of appealability is denied.

ENTER: This 28th day of March, 2016.

/s/ Michael F. Urbanski
United States District Judge